UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-23467-BLOOM/Otazo-Reyes

LEVAR CURTIS JOHNSON,

    Plaintiff,
v.

MIAMI-DADE COUNTY SHERIFF and
BANK OF NEW YORK MELLON,

    Defendants.
_____/

### ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On October 24, 2022, Plaintiff Levar Curtis Johnson ("Plaintiff" or "Johnson")) who is proceeding *pro se*, filed a document entitled "Action to Quiet Title to Private Allodial Property," ECF No. [1] ("Complaint"). In the Complaint, Plaintiff asserts claims against Bank of New York Mellon ("Defendant") to quiet title (Count I), for slander of title and fraudulent conversion (Count II), and for fraud and fraudulent inducement (Count III), with respect to a property that Plaintiff inherited.[1] In pertinent part, Plaintiff challenges the validity of the transfer of the mortgage on the property to Defendant, and the foreclosure of that property, and seeks relief including "abatement of demands for mortgage payments," a judgment declaring that the property belongs to Plaintiff, and to preclude the foreclosure sale of the property currently scheduled to take place on November 28, 2022. Upon review, the Court lacks subject matter jurisdiction, and will abstain from exercising jurisdiction in any event.

---

[1] Plaintiff asserts that he names the Miami-Dade County Sheriff as a defendant "to ensure that said Sheriff refrains from any and all unlawful activities at the direction of BANK OF NEW YORK MELLON that will be inconsistent with my ownership and lawful control of the private property, which is the subject of this action to quiet title." *Id*. at 2. The Complaint otherwise states no cause of action against the Sheriff.

Case No. 22-cv-23467-BLOOM/Otazo-Reyes

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); *see Bivens v. Roberts*, No. 208CV026, 2009 WL 411527, at *3 (S.D. Ga. Feb. 18, 2009) ("[J]udges must not raise issues and arguments on plaintiffs' behalf, but may only construe pleadings liberally given the linguistic imprecision that untrained legal minds sometimes employ.") (citing *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008)). Notwithstanding such leniency, courts cannot serve as *de facto* counsel for a party and cannot rewrite a deficient pleading for the sake of sustaining an action. *Jarzynka v. St. Thomas Univ. of Law*, 310 F. Supp 2d 1256, 1264 (S.D. Fla. 2004) (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F. 3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

Even so, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799) and *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936)). "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could work a wrongful extension of federal jurisdiction and give courts power the Congress denied them." *Id*. (quoting *Jackson v. Seaboard Coast Line*

*R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982)) (internal quotations omitted). A "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (footnote call numbers and citations omitted). This is because federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala.*, 168 F.3d at 409 (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410.

"A district court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (quoting *PTA-FLA, Inc. v. ZTE USA, Inc.* 844 F.3d 1299, 1305 (11th Cir. 2016)) (internal quotations omitted). Here, the only allegation regarding jurisdiction in the Complaint is that "[t]he amount in controversy is a mortgage note on my private property in the amount $137,900.00 which exceeds the jurisdictional threshold amount of $75,000.00." *See* ECF No. [1] ¶ 1. This allegation alone is insufficient to invoke the Court's diversity jurisdiction. The diversity jurisdiction statute applies to actions between "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state . . .; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332(a). Here, Plaintiff has included no allegations regarding the citizenship of the parties such that the Court may determine that complete diversity exists. Accordingly, the Court must dismiss the Complaint for lack of subject matter jurisdiction.

Case No. 22-cv-23467-BLOOM/Otazo-Reyes

Ordinarily, a dismissal for lack of subject matter jurisdiction would be without prejudice and with leave to amend to allow a plaintiff to allege a sufficient basis for subject matter jurisdiction. In this case, however, leave to amend is not warranted. Upon review, dismissal is further required by abstention principles.

This case stems from a 2018 mortgage foreclosure action in the Eleventh Judicial Circuit Court, in and for Miami-Dade County, through which the Bank of New York Mellon, as trustee for the certificate holders CWABS, Inc. Asset-Backed Certificates, Series 2006-BC5, obtained a final judgment of mortgage foreclosure on October 12, 2022. *See Bank of New York Mellon vs. Levar C Johnson, et al.*, Case No. 2018-040275-CA-01.[2] The property at issue is scheduled to be sold on November 28, 2022. *Id.* This is not Johnson's first appearance before this Court with respect to the underlying foreclosure case. Indeed, on September 16, 2022, Johnson, who is the defendant in the underlying state foreclosure case in which the foreclosure sale is scheduled, filed a notice of removal, attempting to remove the underlying state foreclosure case on the basis of the Court's diversity jurisdiction. *See* Case No. 22-cv-22955-BLOOM/Otazo-Reyes, ECF No. [1]. The Court remanded the case to state court, since Johnson is a citizen of Florida, and the case is therefore not removable pursuant to 28 U.S.C. § 1441(b)(2). *See id.*, ECF No. [4]. Johnson's claims in the instant Complaint involve issues directly related to the underlying foreclosure case, which is currently pending in state court.

Pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), absent "extraordinary circumstances a federal court must abstain from deciding issues implicated in an ongoing [ ] proceeding in state court." *See Thompson v. Wainwright*, 714 F.2d 1495, 1503 (11th Cir. 1983). Principles of equity,

---

[2] The Court takes judicial notice of the state court docket, which is available at https://www2.miami-dadeclerk.com/ocs/Search.aspx. *See Universal Express, Inc. v. U.S. SEC*, 177 F. App'x 52, 53 (11th Cir. 2006) (courts may take judicial notice of public records, such as a complaint filed in another court); *Griffin v. Verizon Commc'ns Inc.*, 746 F. App'x 873, 876 (11th Cir. 2018) (same).

comity, and federalism warrant abstention in deference to ongoing state proceedings. "*Younger* abstention applies to civil proceedings." *Shapiro v. Ingram*, 207 F. App'x 938, 939 (11th Cir. 2006) (citing *Wexler v. Lepore*, 385 F.3d 1336, 1339 (11th Cir. 2004)). The *Younger* abstention doctrine may be raised *sua sponte*. *See Belloti v. Baird*, 428 U.S. 132, 143 n.10 (1976); *see also Boyd v. Georgia*, 512 F. App'x 915, 916 (11th Cir. 2013) (affirming a *sua sponte* dismissal under *Younger*). For *Younger* abstention to apply, state judicial proceedings must be ongoing, the relief sought must interfere with the state proceedings, the proceedings must implicate important state interests, and the plaintiff has an adequate state remedy available. *Shepherd v. U.S. Bank*, 839 F. App'x 304, 306 (citing *31 Foster Children v. Bush*, 329 F.3d 1255, 1274-75 (11th Cir. 2003)).

For the first factor, *Younger* abstention is not triggered unless the federal relief would create "an *undue* interference on state proceedings." *Wexler*, 385 F.3d at 1341 (emphasis in original). The requested relief may unduly interfere with a state proceeding if it would disrupt the normal course of action in the state proceeding, even if the relief sought would not terminate an ongoing proceeding. *31 Foster Children*, 329 F.3d at 1276. Whether a federal proceeding would interfere with the state proceeding turns on the relief requested and the effect it would have on the state proceeding. *Id*.

Here, the state proceeding is ongoing, and by filing the Complaint, Johnson seeks to prevent the state court foreclosure post-judgment proceedings from occurring. As such, the relief he requests – including quieting title, cancelation of the sale, and an order requiring Defendant to cease and desist any further efforts to foreclose upon the outstanding debt – would unduly and directly interfere with the state proceedings. The first factor is therefore met.

In addition, the Court finds that the second and third factors are also met. The ongoing state court foreclosure proceedings implicate an important state interest. *See Shepherd*, 839 F. App'x at

306 ("The state has a legitimate interest in the validity of its judgments as well as an important state interest in determining disputes that affect title to Florida property."). Finally, Plaintiff has an adequate state remedy available to him. The Court "must assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Id*. (citing *31 Foster Children*, 329 F.3d at 1279). The allegations in the Complaint do not overcome the presumption, and Johnson has not otherwise demonstrated that the state remedies are not adequate. *See id*. ("The plaintiffs bear the burden of overcoming this presumption by demonstrating that the state remedies are inadequate.") (quotations and citation omitted.)

It is therefore **ORDERED AND ADJUDGED** that this case is **DISMISSED** for lack of subject matter jurisdiction and pursuant to *Younger* abstention. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 26, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Levar Curtis Johnson, *pro se*
1176 NW 49th Street
Miami, FL 33127